**WO**                                                                                                          BL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Irwin, | No. CV 05-1437-PHX-NVW (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| United States District Court Clerk, | |
| Defendant. | |

Plaintiff Joseph Irwin, formally confined at the Maricopa County Durango Jail in Phoenix, Arizona, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff has paid the filing fees. The Court will dismiss the action with leave to amend.

**A.** **Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**JDDL-K**

complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely."  Id. at 1129.  A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine the district judges' role as impartial decisionmakers."  Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

**B.     Complaint.**

In the caption, Plaintiff lists the United States District Court Clerk as a Defendant.  Plaintiff lists his own name as the "[n]ame of the first Defendant."  Plaintiff alleges that, while he was incarcerated in Maricopa County Durango Jail, his constitutional rights were violated because he did not receive appropriate medical treatment.  In Count I, Plaintiff notes that he suffers from back problems and asthma.  Plaintiff asserts that his medical conditions worsened while imprisoned because he did not receive medical treatment despite placing two "medical tank orders."  In Count II, Plaintiff asserts that he put in a number of "medical tank orders" requesting breathing treatments for his asthma, but did not receive the treatments.  In Count III, Plaintiff alleges that because there was asbestos in the air system, his asthma worsened.  Plaintiff seeks monetary and other relief.

The United States District Court Clerk, while acting in that capacity, is entitled to absolute immunity.  See Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996).  Additionally, Plaintiff obviously did not intend to sue himself.

To state a valid constitutional claim, a plaintiff must allege that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and the conduct of the defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377

**JDDL-K**                                              - 2 -

(1976). For a person to liable in his official capacity, Plaintiff must allege that he acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). A supervisor, in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

The Plaintiff was apparently confused about who to sue name as a Defendant. However, the United States District Court Clerk and the Plaintiff himself are not proper Defendants. Because Plaintiff does not list any other Defendant, he will be provided the opportunity to amend his Complaint in an attempt to set forth a cause of action against a proper Defendant.

**C.     Leave to Amend.**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Plaintiff may amend his Complaint to cure the deficiencies outlined above. The Clerk of Court will be directed to provide Plaintiff with a Court-approved form for filing a civil rights complaint. Plaintiff is advised that the amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Any amended complaint submitted by Plaintiff should be clearly designated as such on the face of the document.

Plaintiff is also reminded that in an Amended Complaint, he may only include one claim per count. The "one claim per count" rule is set forth in the form Complaint and accompanying instructions, and is a requirement imposed by the local rules of this Court. See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the form).

An amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

1  1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent.
2  <u>Ferdik</u>, 963 F.2d at 1262. Thus, causes of action alleged in an original complaint which are
3  not alleged in an amended complaint are waived. <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir.
4  1987).

5  **D.     <u>Address Changes</u>.**

6  In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he
7  must file a notice of change of address if his address changes. Plaintiff is again reminded
8  that at all times during the pendency of this action, Plaintiff shall immediately advise the
9  Court of any change of address and its effective date. Such notice shall be captioned
10 "NOTICE OF CHANGE OF ADDRESS." Plaintiff shall serve a copy of the Notice of
11 Change of Address on all opposing parties. The notice shall contain only information
12 pertaining to the change of address and its effective date, and shall not include a motion for
13 other relief. Failure to timely file a notice of change of address may result in the dismissal
14 of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil
15 Procedure.

16 **E.     <u>Warning of Possible Dismissal</u>.**

17 Plaintiff should take note that if he fails to timely comply with every provision of this
18 Order, this action will be dismissed without further notice. <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-
19 61(district court may dismiss action for failure to comply with any order of the Court).
20 Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff
21 fails to file an amended complaint correcting the deficiencies identified in this Order, the
22 dismissal of this action will count as a "strike" under the "three strikes" provision of the
23 Prison Litigation Reform Act. <u>See</u> 28 U.S.C. § 1915(g).

24 **IT IS THEREFORE ORDERED that:**

25 (1) The Complaint is **dismissed** for failure to state a claim. Plaintiff shall have **30**
26 **days** from the date this Order is filed to file an Amended Complaint in compliance with this
27 Order.

28

JDDL-K

- 4 -

1    (2) The Clerk of Court shall enter a judgment of dismissal of this action with
2 prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint
3 within thirty (30) days of the date this Order is filed. Upon entry of judgment, the Clerk shall
4 make an entry on the docket in this matter indicating that the dismissal of this action falls
5 within the purview of 28 U.S.C. § 1915(g).

6    (3) Aside from the two copies of the petition or amended petition that must be
7 submitted pursuant to LRCiv 3.5(a), a clear, legible copy of every pleading or other
8 document filed shall accompany each original pleading or other document filed with the
9 Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See
10 LRCiv 5.4. Failure to comply with this requirement may result in the pleading or document
11 being stricken without further notice to Plaintiff.

12    (4) The Clerk of Court is directed to provide to Plaintiff a current court-approved
13 form for filing a civil rights complaint by a prisoner.

14    DATED this 3rd day of November, 2005.

_____
Neil V. Wake
United States District Judge

JDDL-K                                             - 5 -